IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FADL ASIM KARIM,

                    Petitioner,

        v.                              CASE NO. 21-3180-SAC

JOSHUA ELLIOTT, et al.,

                    Respondents.


**NOTICE AND ORDER TO SHOW CAUSE**


This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is detained in the Leavenworth County Jail in Leavenworth, Kansas, pending parole violation proceedings. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Petitioner names as respondents Leavenworth County Sheriff Andrew D. Dedeke and parole officers Joshua Elliott, Lisa Hill, Kim McManus, and Destiny Gift. Petitioner's asserted grounds for relief involve alleged acts by the Respondents that Petitioner contends violated the due process rights afforded by the Fourteenth Amendment to the United States Constitution. In addition, Petitioner asserts that some of these acts violated Kansas statutes and administrative regulations. Petitioner asks this Court to quash the parole violation warrant, dismiss the pending parole violation proceedings, and order "that no parole violation warrant or charges

be brought against" Petitioner unless he is proven guilty of the violations.

**Discussion**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).[1]

The United States Supreme Court has held that principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state-court proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*,

---

[1] To the extent that Petitioner bases his claims for federal habeas relief on violation of state law, the claims cannot succeed. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("Federal habeas relief does not lie for errors of state law."). A petitioner cannot obtain federal habeas relief based on an alleged violation of state law unless the alleged violation implicates the federal Constitution. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here. The state proceedings regarding Petitioner's alleged parole violations are ongoing, the State of Kansas has an important interest in addressing and resolving alleged violations of its parolees, and the state courts provide petitioner the opportunity to present his challenges, including his federal constitutional claims, after a final decision by the prisoner review board. "An inmate may file a writ of habeas corpus under K.S.A. 60-1501 to seek review of a final order of the Board." *Strong v. Kansas Prisoner Review Board*, 2018 WL 6580000, at *2 (Kan. Ct. App. 2018) (unpublished opinion)(citing *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185 (Kan. Ct. App. 1987)). *See also* K.A.R. 44-9-101(a) (defining "Board"); K.A.R. 44-9-502 (setting procedures for final revocation hearings by the board).

Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so in this action.

Petitioner is therefore directed to show cause, in writing, on or before September 20, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before September 20, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge