```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS
```

**FADL ASIM KARIM,**

                          **Petitioner,**

        v.                                        CASE NO. 21-3180-SAC

**JOSHUA ELLIOTT, et al.,**

                          **Respondents.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) issued August 18, 2021. After reviewing the response (Doc. 3), the Court will dismiss the action without prejudice pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

On August 16, 2021, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His asserted grounds for relief involve alleged unconstitutional acts by the Respondents during parole revocation proceedings in state court. Petitioner asks this Court to quash the parole violation warrant, dismiss the pending parole violation proceedings, and order "that no parole violation warrant or charges be brought against" Petitioner unless he is proven guilty of the violations. (Doc. 1.)

As required by Habeas Corpus Rule 4, the Court undertook a preliminary review of the petition and issued the NOSC, pointing out that it appeared that the Court must abstain from intervening in the state parole proceedings. (Doc. 2.) Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing;

(2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The NOSC concluded that the three conditions in *Younger* are satisfied here. The state proceedings regarding Petitioner's alleged parole violation are ongoing, the State of Kansas has an important interest in addressing and resolving alleged violations by its parolees, and the state courts provide an adequate opportunity for Petitioner to present his challenges, including his federal constitutional claims. The Court therefore directed Petitioner to show cause why this matter should not be summarily dismissed without prejudice under *Younger*. (Doc. 2.)

Petitioner's response reasserts the merits of the petition. It alleges the facts underlying Petitioner's claims and a timeline of the relevant events. (Doc. 3, p. 1-5.) The response concludes by noting the stress Petitioner and Petitioner's family have suffered from the ongoing parole violation proceedings. *Id.* at 5. Attached to the response are (1) communications between Petitioner's parole officer and an individual who contacted the parole officer on Petitioner's behalf; (2) statements from that individual detailing her efforts to gather information about the proceedings involving Petitioner; (3) Kansas Department of Corrections online records related to Petitioner; and (4) a receipt. (Doc. 3-1.)

The response does not, however, assert that any of the three circumstances that require abstention under *Younger* do not exist. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (identifying the three conditions for *Younger* abstention). And when the three conditions coexist, abstention is mandatory. *See Brown*, 555 F.3d at 888.

The Court will therefore dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 7th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge