IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FADL ASIM KARIM,**

                **Petitioner,**

     v.                                                CASE NO. 21-3180-SAC

**JOSHUA ELLIOTT, et al.,**

                **Respondents.**

**ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in state custody. Petitioner filed his petition on August 16, 2021. His asserted grounds for relief involve alleged unconstitutional acts by the Respondents during parole revocation proceedings in state court. Petitioner asked this Court to quash the parole violation warrant, dismiss the pending parole violation proceedings, and order "that no parole violation warrant or charges be brought against" Petitioner unless he is proven guilty of the violations. (Doc. 1.)

As required by Habeas Corpus Rule 4, the Court undertook a preliminary review of the petition and, on August 18, 2021, issued a Notice and Order to Show Cause (NOSC) stating that it appeared the Court must abstain from intervening in the state parole violation proceedings under *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 2.) The Court therefore directed Petitioner to show cause on or before September 20, 2021, why this matter should not be summarily dismissed without prejudice. *Id.*

Petitioner filed his response on September 3, 2021. (Doc. 3.)

The response reasserted the merits of the petition and provided further detail about Petitioner's claims and the events underlying those claims. (Doc. 3 and 3-1.) The response did not, however, assert that any of the three circumstances that require *Younger* abstention do not exist. Thus, after careful consideration, the Court issued an order on September 7, 2021 dismissing the matter without prejudice and declining to issue a certificate of appealability. (Doc. 4.)

On September 17, 2021, the court received a second response to the NOSC, which provides "more evidence for [Petitioner's] case" and seeks to amend the petition to remove "all K.S.A.'s and K.A.R.'s." (Doc. 6, p. 1.) The response also notes that Petitioner has been transferred to Lansing Correctional Facility. *Id.* It does not appear from this response, which Petitioner dated September 14, 2021, that Petitioner has received the order of dismissal. *Id.* at 5. The Court will direct the clerk to resend the order of dismissal and the judgment along with this order.

The Court liberally construes Petitioner's filings because he proceeds pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S 97, 106 (1976)). Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). Because Petitioner's second response was filed within 28 days after entry of the order of dismissal, the Court will treat it as a motion under Rule 59. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The court may grant a motion to amend judgment under Rule 59(e)

only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner's second response asserts there is new evidence to which Petitioner alleges he did not "physically have access to" before he submitted his initial response. (Doc. 6, p. 1.) This evidence consists of a letter from Emily Saldivar and emails between Ms. Saldivar and Petitioner's parole officer that Petitioner believes supports the merits of his claims that his parole violation proceedings and related actions are unconstitutional. *See id.* at 2-5. Petitioner again asks the Court to quash the parole violation warrant and dismiss the pending parole violation proceedings. *Id.* at 5.

Although Petitioner's second response includes additional information related to the merits of his petition, it does not contain new evidence related to the basis on which the Court dismissed this matter—the applicability of the *Younger* abstention doctrine. Nor does Petitioner's request to amend the petition propose an amendment that would alter the *Younger* analysis. Therefore, the Court denies the motion to reconsider.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Petitioner's response to the NOSC (Doc. 6) is construed as a motion to reconsider and is **denied**. The clerk is directed to send a copy of the order of dismissal (Doc. 4) and the order of judgment (Doc. 5) to Petitioner

at Lansing Correctional Facility.

**IT IS SO ORDERED.**

DATED:  This 20th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge